6030010.001
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY
--------------------------------------------------------------X

SEALAND a MAERSK COMPANY
f/k/a SEALAND,

        Plaintiff,

-against-            CASE NO.

INL SUPPLY CORP.,
a Florida Corporation,
and IVETTE LUBIAN, An Individual,

        Defendants.

--------------------------------------------------------------X

## CIVIL COMPLAINT IN ADMIRALTY

COMES NOW Plaintiff SEALAND a MAERSK COMPANY f/k/a SEALAND (hereinafter

"SEALAND" or "Plaintiff"), by and through its undersigned counsel, and sues the Defendants INL

SUPPLY CORP. and IVETTE LUBIAN (collectively "Defendants") and as grounds for this

action alleges as follows:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1.     This is an admiralty and maritime claim for damages. This Court has jurisdiction

under 28 U.S.C. §§ 1331 and 1333. This matter arises under the laws of the United States, in

particular, The Shipping Act of 1984, 46 U.S.C. §40101 et. seq. (hereinafter "The Act").

2.     SEALAND is a common carrier by water, *inter alia*, in the interstate and foreign commerce of the United States as defined in The Act and was such a common carrier for the benefit of Defendants.

3.     Defendants were at all times herein mentioned, a natural person, firm, association, organization, partnership, corporation, business, trust, or public entity, with its principal place of business or residence in this district and is and was a legal entity capable of being sued. Defendants are subject to personal jurisdiction in this Court. Defendant IVETTE LUBIAN is the principal of Defendant INL SUPPLY CORP. Per the terms and conditions of SEALAND's bills of lading, IVETTE LUBIAN is jointly liable with INL SUPPLY CORP. for all charges prayed for herein.

4.     Venue is proper in this judicial district because it is where the claim arose and where Defendants reside or do business.

5.     Plaintiff has retained the undersigned counsel to represent its interests in this matter and is obligated to pay its counsel a reasonable attorneys' fee for their services herein.

### FIRST COUNT
### (For Money due Under Tariff/Service Contracts)

6.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 5 above as if realleged and restated herein in their entirety.

7.     Plaintiff has filed a schedule of its rates and charges and service contracts for the carriage of cargo, including detention and demurrage charges, wharfage and dockage with the Federal Maritime Commission or has otherwise maintained said rates and charges pursuant to The Act. Pursuant to The Act, Plaintiff is prohibited from transporting cargo for a lesser rate than that specified in its tariffs or service contracts. The Act also prohibits Defendants from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

8. Plaintiff transported cargo by water for the benefit of Defendants during 2018 in the foreign commerce of the United States. Such transportation and services provided are evidenced by Plaintiff's bill of lading number SLD893389 and demurrage invoice number 9500472052 the terms of which are incorporated herein through this reference. Plaintiff has fully performed its tariff obligations. A true copy of Plaintiff's bill of lading number SLD893389 is attached hereto as **Exhibit 1** and made a part hereon. A true copy of Plaintiff's demurrage invoice number 9500472052 is attached hereto as **Exhibit 2** and made a part hereon. The demurrage invoice, **Exhibit 2,** specifically references the bill of lading, **Exhibit 1,** and the demurrage charges derive from the bill of lading. The demurrage invoice sets forth the daily container demurrage charges for forty foot dry cargo container number MRKU6488679 due under the bill of lading pursuant to plaintiff's tariff.

9. Plaintiff has demanded that Defendants pay the full amount due of $40,300.00.

10. Defendants have knowingly and willfully failed and refused to pay Plaintiff the full amount due.

11. Consequently, Defendants are liable to Plaintiff in the amount of $40,300.00, plus reasonable attorneys' fees and interest thereon.

### SECOND COUNT
### (For Breach of Written Contract(s))

12. Plaintiff refers to paragraphs 1 through 11 of this complaint and incorporates them herein by this reference.

13. Said transportation was performed pursuant to a written contract of carriage between Plaintiff and Defendants, as evidenced by said bill of lading, **Exhibit 1**, and the demurrage invoice, **Exhibit 2**.

14. Plaintiff has fully performed its obligations under said contracts except those obligations, if any, which Plaintiff was excused from performing.

15. Plaintiff has demanded that Defendants pay the amount due under said contracts and the Defendants have refused to pay thereon. Consequently, Defendants have breached the bill of lading contract and are liable to Plaintiff for its damages in the amount of $40,300.00, plus reasonable attorneys' fees and interest thereon.

## THIRD COUNT
### (For Goods Wares and Services)

16. Plaintiff refers to paragraphs 1 through 15 of this complaint and incorporates them herein by this reference.

17. Within the last five (5) years, Defendant became indebted to Plaintiff for goods, wares and services provided by Plaintiff to Defendants, as evidenced in Exhibit 1 for which Defendants agreed to pay plaintiff.

18. Despite due demand, the sum of $40,300.00 is now due, owing and unpaid for said goods, wares and services.


WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For judgment in the amount of $40,300.00.

2. For the costs of collection, according to proof;

3. For costs of suit incurred herein, according to proof;

4. For pre-judgment and post-judgment interest;

5. For reasonable attorneys' fees; and

6. For such other and further relief as the Court deems just and proper.

Dated: Key Biscayne, Florida
March 11, 2019

THOMAS V. HALLEY, P.A.

By: /S/ Thomas V. Halley
Thomas V. Halley
Florida Bar No. 0694363
Attorney for Plaintiff
251 Galen Dr., #302E
Key Biscayne, FL 33149
Tel. 305 469-0507
thalley@shiplaw.net